UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RYAN VANWINKLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-CV-0527-CVE-CDL |
| ) | |
| YWCA-TULSA, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is plaintiff's pro se complaint (Dkt. # 2) and motion for leave to proceed in forma pauperis (Dkt. # 3). Plaintiff is proceeding pro se and he claims that defendant "YWCA-Tulsa" made false allegations against plaintiff concerning his criminal history. He also alleges that defendant made false allegations concerning protective orders against plaintiff, and he claims that defendant is attempting to "push the mother of the plaintiff's unborn child away from him." Dkt. # 2, at 1. Plaintiff appears to be alleging claims of slander and defamation against defendant, and he seeks $100,000,000 in damages. Id. at 2.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the

party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

A court reviewing a pro se plaintiff's complaint must broadly construe the allegations of the complaint to determine if the plaintiff can state a claim upon which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given a pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Bell Atlantic Corp. v.Twombly, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (quotation marks and citations omitted). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The Court has reviewed plaintiff's complaint and it is clear that the Court lacks subject matter jurisdiction over this case. Plaintiff states that he is a citizen of Oklahoma, and he also alleges that the defendant is a citizen of Oklahoma. Therefore, there is no diversity of citizenship between the parties, and the Court cannot exercise diversity jurisdiction over this case. The Court has considered whether plaintiff could be alleging a claim arising under federal law, and there are no allegations suggesting that plaintiff is asserting a colorable federal law claim. Plaintiff is asserting state law claims of slander and defamation, but he claims that he Court has jurisdiction to hear the case based on federal criminal statutes. Federal criminal laws do not create a private right of action for civil litigants, and plaintiff cannot rely on federal criminal statutes to assert slander or defamation claims against defendant. See Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007). The Court finds that plaintiff has not alleged a colorable claim under federal law and the Court finds that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 2) is **dismissed without prejudice** for lack of subject matter jurisdiction. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 3) is **moot**.

**DATED** this 9th day of December, 2022.

*[signature: Claire V. Eagan]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE